UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GINA SLONE,

    Plaintiff,

-vs-                                            Case No. 8:09-CV-1175-T-27TGW

SHERIFF GRADY JUDD, et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Defendants' Motion to Strike Allegations from Second Amended Complaint and Supporting Memorandum (hereinafter "motion to strike") filed pursuant to Rule 12(f) of the Federal Rules of Civil Procedure (Dkt. 14). Plaintiff has filed a response to the motion to strike (Dkt. 24). Upon consideration of the motion to strike, the response, and the applicable law, the Court concludes that the motion to strike should be granted in part, and denied in part.

## STANDARD OF REVIEW

Federal Rules of Civil Procedure, Rule 12(f), provides that, upon motion made by a party, the Court may "strike from a pleading" any "redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.Pro., Rule 12(f). The purpose of a motion to strike is "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). The Court has broad discretion in determining whether to grant or deny a motion to strike. *Anchor Hocking Corp. v.*

*Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976). Motions to strike, however, are generally disfavored. *See Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991). A motion to strike is a "drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir.1962) (citation omitted).[1]

## ANALYSIS

Defendants request the Court strike from the Second Amended Complaint Plaintiff's demand for punitive damages against both Defendant Judd in his official capacity, and all of the individual law enforcement officers in their individual capacity. Defendants also move to strike the allegations that Defendants failed to place the decedent in a special housing unit because the decision to place a prisoner in a special housing unit is protected by the doctrine of sovereign immunity. Next, Defendants move to strike Plaintiff's claim for damages for violations of the Florida Constitution. Finally, Defendants move to strike Plaintiff's claim for loss of companionship under Florida's Wrongful Death Statute.

Initially, Plaintiff concedes that she in not entitled to: 1) punitive damages against Defendant Judd in his official capacity; 2) compensatory damages under the Florida Constitution; and 3) loss of companionship pursuant to Florida's Wrongful Death Statute (See Dkt. 24 at pgs. 2, 6). Consequently, to the extent Defendants move to strike those claims from the Second Amended Complaint, the motion to strike will be granted.

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Defendants assert that Plaintiff's claim for punitive damages against the individual law enforcement officers should be stricken because the Second Amended Complaint "fails to provide any factual information that would support a claim for punitive damages." (See Dkt. 14 at pg. 2). Punitive damages are authorized "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). To support a punitive damages award, a plaintiff must show that the defendant acted with malice or reckless indifference to the plaintiff's federally protected rights. *Reynolds v. CSX Transportation, Inc.*, 115 F.3d 860, 869 (11th Cir. 1997). Malice means "an intent to harm" and recklessness means "serious disregard for the consequences of [one's] actions." *Splunge v. Shoney's, Inc.*, 97 F.3d 488, 491 (11th Cir.1996) (quotation omitted).

In Count VIII of the Second Amended Complaint, Plaintiff essentially claims that the defendant law enforcement officers violated his Fourteenth Amendment rights by either subjecting him to excessive force or acting with deliberate indifference to his serious medical needs by failing to refer him for appropriate medical care (See Dkt. 8 at pg. 20). To have acted with deliberate indifference, the United States Supreme Court has stated that the defendant must know that the plaintiff faces a substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Plaintiff alleges that the decedent informed Defendants of his mental illness, and that it was readily apparent from decedent's behavior that he was mentally ill and needed medical attention. Furthermore, Plaintiff alleges, for example, that Defendants tasered the decedent multiple times after he was restrained. Therefore, the Court concludes that there is a question of fact whether Defendants' use of force and use of the taser was motivated by evil motive or intent or was reckless or callous indifference to the decedent's

rights.

The facts alleged are sufficient with respect to Defendants' requisite reckless or callous indifference to the decedent's rights to withstand the Defendants' motion to strike. Plaintiff has pled at least reckless indifference under the *Wade* standard. Consequently, Defendants' motion to strike Plaintiff's claim for punitive damages against the defendant law enforcement officers is due to be denied.

Finally, Defendants move to strike the allegations in Plaintiff's complaint that Defendants failed to "place" or "house" the decedent in the "Special Needs Unit." In support, Defendants argue that the decision where to house an inmate is a discretionary planning level function that is protected by the doctrine of sovereign immunity.

In Florida, the classification and assignment of prisoners within the state prison system is a planning-level, discretionary policy-making decision which is protected by the doctrine of sovereign immunity. *See Reddish v. Smith*, 468 So. 2d 929, 931 (Fla. 1985). Accordingly, to the extent the Second Amended Complaint alleges that Defendants are liable for failing to "place" or "house" the decedent in the Special Needs Unit, Defendants' motion to strike the allegation will be granted.[2] The Court does not, however, strike any allegation in the Second Amended Complaint which asserts that Defendants failed to "refer" or send the decedent to the Special Needs Unit (See Dkt. 8 at page 4, paragraphs 13, 15).[3]

---

[2] The Court notes that it does not appear that the Second Amended Complaint alleges that any of the Defendants had the responsibility or authority to assign the decedent to the Special Needs Unit.

[3] Defendants do not move to strike allegations that Defendants were negligent in failing to refer or send the decedent to the Special Needs Unit. Defendants only move to strike the allegations that they failed to "house" or "place" the decedent in the Special Needs Unit (See Dkt. 14 at pgs. 3, 5-6).

ACCORDINGLY, the Court **ORDERS** that Defendants' motion to strike (Dkt. 14) is **GRANTED** to the extent that Plaintiff's demand for punitive damages against Defendant Judd in his official capacity, demand for damages for loss of companionship under Florida's Wrongful Death Statute, demand for damages for violations of the Florida Constitution, and any allegations that Defendants were negligent in failing to "place" or "house" the decedent in the Special Needs Unit are **STRICKEN** from the Second Amended Complaint. The motion to strike is **DENIED** in all other respects.

**DONE AND ORDERED** in Tampa, Florida, on December 29, 2009.

/s/James D. Whittemore
**JAMES D. WHITTEMORE**
**United States District Judge**

SA:sfc

<u>Copies furnished to</u>:
Counsel of Record