UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GINA SLONE,

        Plaintiff,

v.                                                              CASE No. 8:09-CV-1175-T-27TGW

SHERIFF GRADY JUDD, et al.,

        Defendants.

_____

## ORDER

THIS CAUSE came on for consideration upon the Plaintiff's Amended Motion for Permission to Serve Trial Subpoena Upon Defendant Sheriff Grady Judd (Doc. 180) and the defendants' response thereto (Doc. 181).

Previously, the plaintiff filed an emergency motion for permission to serve a trial subpoena upon defendant Sheriff Grady Judd, which was denied for failing to confer with opposing counsel (Docs. 167, 170). The plaintiff avers that United States District Judge James D. Whittemore, at a status conference, permitted the plaintiff to file this amended motion to subpoena Sheriff Judd to testify at trial (Doc. 180, p. 4). Moreover,

the defendants have responded (Doc. 181). Accordingly, the amended motion for permission to serve trial subpoena upon Sheriff Judd will be addressed.

In consideration of the defendants' motion for summary judgment, Judge Whittemore ruled that a jury could find that the lack of training and policies on the use of the electronic shield and cell extractions was the moving force behind the officers' alleged use of excessive force (Doc. 158, p. 48). The plaintiff states that she therefore "is charged with the responsibility of proving by the greater weight of the evidence that Sheriff Judd was deliberately indifferent to the glaring need to train his officers as to proper techniques" on the use of electronic shield and cell extractions (Doc. 180, p. 7). The plaintiff postulates that "Sheriff Judd is the only person who can testify in a manner that will allow Plaintiff to meet her burden of proof"(id., p. 7)(emphasis in original). The plaintiff, however, provides no support for this extravagant statement.

As the plaintiff notes in her motion, I previously denied her request to depose Sheriff Judd based on the representation in his affidavit that there are "other supervisors and administrators who are more knowledgeable to testify about the particular area which the Plaintiff here is concerned with,"

-2-

specifically jail policies and procedures (Doc. 53-1, p. 3; Doc. 54, p. 1). The consequence of requiring high government officials, like Sheriff Judd, to appear in judicial proceedings is that "his time would be monopolized by preparing and testifying." In re USA, 624 F.3d 1368, 1372 (11th Cir. 2010). Since his election in November of 2004, Sheriff Judd and the Polk County Sheriff's Office have been named as defendants in over fifty cases. If Sheriff Judd were expected to testify in even a substantial number of those cases, it would clearly interfere with his duties.

The plaintiff contends, citing to California District Court cases, that Sheriff Judd is not a high ranking government official. That contention is not supported by the record. Sheriff Judd is an independent constitutional officer and is elected to his position pursuant to the Florida Constitution. Demings v. Orange County Citizens Review Bd., 15 So.3d 604, 610 (Fla. App. 2009). He oversees more than 1700 Polk County Sheriff's Office employees. As a high-ranking government official, he may not be called to testify about his reasons for taking official actions "absent extraordinary circumstances." In re United States, 985 F.2d 510, 512 (11th Cir. 1993).

The plaintiff clearly has not made such a showing. Thus, she seeks Sheriff Judd's testimony on the basis that he is ultimately responsible for policies and training (Doc. 180). In response, the defendants correctly differentiate Sheriff Judd's overall responsibility for all Polk County Sheriff's Office policies and procedures from his actual knowledge of the office's policies and procedures (Doc. 181, p. 4). Notably, the plaintiff acknowledges that, according to Sheriff Judd's declaration, other employees are more knowledgeable about training and policies on the use of electronic shield and cell extractions (Doc. 180, p. 6). Because testimony is available from a lesser ranking officer, the plaintiff's contention that, without Sheriff Judd's testimony, her constitutional claim will be "automatically defeat[ed]," is unavailing (id., p. 7). Moreover, she does not contend that Sheriff Judd has personal knowledge about her case. Therefore, no extraordinary circumstances have been cited by the plaintiff. Accordingly, Sheriff Judd will not be diverted from his duties to testify at trial. Rocker v. City of Ocala, Fla., 355 Fed. Appx. 312, 314-15 (11th Cir. 2009)(unpub. dec.).

It is, therefore, upon consideration

ORDERED:

That the Plaintiff's Amended Motion for Permission to Serve Trial Subpoena Upon Defendant Sheriff Grady Judd (Doc. 180) be, and the same is hereby, **DENIED with prejudice**.

DONE AND ORDERED at Tampa, Florida, this 26th day of April, 2011.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE